UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRANCIS JAMES JOHNSON, | ) | |
| Petitioner, | ) | 3:02-cv-00501-LRH-VPC |
| vs. | ) | **ORDER** |
| MICHAEL BUDGE, et al., | ) | |
| Respondents. | ) | |

Before the court is Petitioner's request to relieve the Federal Public Defender as his counsel and to allow him to proceed *in proper person* in this action.  The court has conducted three sealed hearings relative to this issue and the Petitioner has steadfastly requested that he would prefer to proceed *pro se.*  He further requests appointment of other counsel.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See, Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied,* 479 U.S. 867 (1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation.  *See, e.g., Chaney v.*

*Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied,* 481 U.S. 1023 (1987); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied,* 382 U.S. 996 (1966).

The dispute between Petitioner and his counsel arises principally from an impasse concerning what should be included in the Third Amended Petition prepared by counsel.  As a result of that impasse, Petitioner has refused to execute a proper verification of the Third Amended Petition and has filed his Fourth Amended Petition *in proper person*, although such petition has not been approved or authorized by the court.  The court finds, first, that the impasse with current counsel cannot be resolved, and second, that it is more probable than not that the court will be presented with a similar impasse again if substitute legal counsel is appointed.

The court has reviewed the Fourth Amended Petition (Doc. #50), which has been filed by Petitioner Johnson *in proper person*.   The court has also considered the comments made by Petitioner Johnson at the several sealed hearings concerning his request to proceed *in proper person* and to have the Federal Public Defender relieved as his counsel. It is evident to the court that the Petitioner is competent to represent himself and the court finds that appointment of substitute counsel would not be in the interest of justice and is not necessary to prevent a due process violation.

IT IS THEREFORE ORDERED that Petitioner's request to allow the Federal Public Defender's office to withdraw as his counsel of record and for him to proceed *pro se* in this action should be and hereby is GRANTED.

IT FURTHER IS ORDERED that Petitioner's request for the appointment of substitute counsel is DENIED.

IT IS FURTHER ORDERED that Petitioner's Fourth Amended Petition will be allowed and the Respondents shall respond to it accordingly.  The court makes no findings concerning its sufficiency.

IT IS FURTHER ORDERED that Respondents shall have sixty (60) days from the date of this order within which to file an Answer or otherwise respond, including by way of a motion to dismiss.  In addition, Respondents shall comply with Rule 5 of the rules governing § 2254 cases to

1 the extent, if any, that further action is required.

2     IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days after service of

3 Respondents' answer or other response within which to file a reply.

4     Dated this 16th day of May, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE